# THE ATTORNEY GENERAL
# OF TEXAS
**ATTORNEY GENERAL**


June 14, 1957

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-161.

Re: May the Andrews Independent
School District select as
its depository a bank which
has as a stockholder, direc-
tor or officer, an individ-
ual who is also a member of
the Board of Trustees of
said district? And related

Dear Dr. Edgar:

question.

We quote from your letter of May 24th, as follows:

"The Board of Trustees of the Andrews Inde-
pendent School District, pursuant to Article 2832,
is engaged in the selection of a school district
treasurer, either a bank depository or person as
treasurer, for the next biennium beginning Septem-
ber 1, 1957.

"Two bids have been received in connection
therewith (see enclosed copies); one from William
C. Young, who seeks to be chosen as a personal
treasurer for the district and who will deposit the
school funds in Commercial State Bank at Andrews, of
which he is an executive officer; one from First Na-
tional Bank at Andrews which seeks to be chosen as
depository bank treasurer for the district.

"The district superintendent advises that the
president of his school board is a stockholder in
said First National Bank. Further, the president of
the school board is a director and stockholder; the
vice-president of the school board is president and
stockholder; and two other school board members are
stockholders in said Commercial State Bank."

The questions to be answered by this office may be
stated as follows:

1. May the Andrews Independent School District select
as its depository a bank which has as a stockholder, director or

officer, an individual who is also a member of the Board of Trustees of said district?

2. May said school district, pursuant to Article 2832 of Vernon's Civil Statutes, select an individual as school treasurer when such individual proposes to deposit school funds held by him in a bank which has a stockholder, officer or director who is also a member of said school board.

We understand from your letter that the President of the School Board is a stockholder in the First National Bank of Andrews, and that four members of the School Board are stockholders and/or officers of the Commercial State Bank of Andrews. It is clearly contrary to public policy and hence unlawful for a school district to select as its depository a bank in which a member of the school board is interested either as a stockholder, officer or director. Attorney General's Opinions O-5158 (1943), O-7514 (1946), O-2656 (1940); 140 A.L.R. 345. You are accordingly advised that neither of said banks, under the facts stated, can qualify as the school depository.

With reference to your second question, we understand that William C. Young has filed a bid with the School Board to be appointed school treasurer. Mr. Young is an executive officer of the Commercial State Bank, but is not a member of the Board of Trustees. His bid states that if he is appointed he will deposit all school funds in the Commercial State Bank. The appointment of an individual as school treasurer is authorized by Article 2832.

It is well settled in Texas that if a public official directly or indirectly has a pecuniary interest in a contract, no matter how honest he may be, and although he may not be influenced by the interest, such a contract is against public policy. Meyers, et al v. Walker, et al, 276 S.W. 305.

It has been consistently held that it is not contrary to public policy for an independent contractor who has been awarded a public contract to purchase materials or supplies from a concern in which a member of the board or agency awarding the contract had a pecuniary interest. 140 A.L.R. 358; Attorney General's Opinion No. O-2306 (1940). This rule, however, is subject to the important qualification that there must be no agreement either express or implied to make such purchases prior to the time the contract is entered into.

In our opinion a school board may appoint an individual as school treasurer and the fact that such treasurer deposited

school funds in a bank in which members of the school board are interested as stockholders, officers or directors, would not render the appointment per se void as a matter of law. However, there must be no agreement, either express or implied prior to such appointment that the funds will be so deposited. The existence of such an agreement involves a fact question which we cannot determine but must leave for the determination of the School Board. We do feel impelled to state, however, that the written bid submitted by Mr. Young is strongly suggestive of such a prior understanding. We think that if there be such an understanding between Mr. Young and the School Board, or between Mr. Young and the bank, that his appointment would be contrary to public policy and constitute an effort by the School Board to do by indirection that which the law will not permit it to do directly.

## SUMMARY

It is clearly contrary to public policy and hence unlawful for a school district to select as its depository a bank in which a member of the school board is interested either as a stockholder, officer or director.

The Andrews Independent School District may appoint an individual as school treasurer pursuant to Article 2832 and the treasurer so appointed may deposit school funds in a bank in which members of the school board are interested either as stockholders, officers or directors, provided there is no understanding or agreement prior to the appointment that the funds will be so deposited. The existence of such an understanding or agreement involves a fact question which must be resolved by the school board.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Leonard Passmore*
Leonard Passmore
Assistant

LP:zt:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
Jas. H. Rogers
Jack Goodman
John H. Minton, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY:
        Geo. P. Blackburn